| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br>Adams County Justice Center<br>1100 Judicial Center Drive<br>Brighton, CO  80601 | DATE FILED: March 1, 2017 11:25 AM<br>FILING ID: E8CC4921F6C42<br>CASE NUMBER: 2017CV30326 |
| **Plaintiff:**   Ted Trujillo<br><br>v.<br><br>**Defendants:**  Advanced Auto Parts, Inc., a foreign corporation authorized to do business in the State of Colorado | ▲COURT USE ONLY▲ |
| **Attorneys for Plaintiffs:**<br>Nicole Daniels, #38180<br>**DARRELL S. ELLIOTT, P.C.**<br>1600 Pennsylvania Street<br>Denver, Colorado 80203<br>Telephone:   303-863-1600<br>Facsimile:    303-863-1234<br>E-mail: nicole@darrellselliott.com<br>           darrell@darrellselliott.com | Case Number:<br><br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Comes now the Plaintiff, Ted Trujillo, by and through his attorneys, the law firm of **DARRELL S. ELLIOTT, P.C.**, and for his Complaint states and avers as follows:

## IDENTIFICATION OF THE PARTIES

1.  Ted Trujillo, Plaintiff, resides at 11421 Downing St., Northglenn, CO 80233.

2.  Defendant Advanced Auto Parts, Inc. is a foreign corporation authorized to do business in the State of Colorado.  Defendant's jurisdiction of formation was Delaware. Its principal office is at 5008 Airport Road, Roanoke, VA 24012.  Defendant retains a registered agent, Tammy Finley, at the same address.

## VENUE AND JURISDICTION

3.  Venue is proper pursuant to C.R.C.P. Rule 98.

4.  At all times material hereto, Defendant was conducting business in the City of Commerce City, Stated of Colorado at the time of the incident.

Exhibit C

## GENERAL ALLEGATIONS

5.      The incident giving rise to this action occurred on or about April 16, 2015, at or near Advanced Auto Parts Store #8131 located at 7070 Highway 2, Commerce City, CO 80022.

6.      At all times relevant herein, Defendant owned and/or operated and/or managed, and was in possession and control of Advanced Auto Parts Store #8131, located at 7070 Highway 2, Commerce City, CO 80022

7.      At all times relevant herein, Plaintiff acted reasonably under the circumstances and was not comparatively at fault.

8.      At all times relevant herein, Plaintiff has mitigated his damages.

9.      Plaintiff is the proper party to bring this claim.

10.     On or about April 16, 2015 at 12:00 p.m., Plaintiff was a business invitee in the Advanced Auto Parts Store #8131 located at 7070 Highway 2, Commerce City, CO 80022. After entering the premises, he slipped on water or other liquid substance on the floor, which caused him to fall and sustain serious and grievous injuries as more fully alleged.

11.     As a result of the slip and fall, Plaintiff has incurred reasonable and necessary medical expenses as more fully alleged.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF
### NEGLIGENCE

12.     Plaintiff hereby incorporates paragraphs 1 through 13 as if fully set forth herein.

13.     Defendant was negligent by and through its agents and employees, in that it did not maintain the premises in a reasonably safe manner and failed to keep the premises free of hazardous and dangerous conditions of which they knew or should have known existed, including the accumulation water and/or other liquid substances on the floors of their premises. Defendant failed to make the area safe, give adequate notice that the area was unsafe and failed to take adequate measures to ensure the area was safety was maintained. They failed to keep the floor in the area where persons would be shopping reasonably safe.

14.     The condition of the premises caused Plaintiff to fall and sustain injuries. Defendant was negligent in that it did not keep its premises in a reasonably safe condition for the general public and business invitees including the Plaintiff.  Defendant's failure to properly remove water and/or other liquid substances from the premises caused a hazardous and dangerous condition, which caused Plaintiff to trip and fall, resulting in serious and grievous injuries to Plaintiff.

15.     As a direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered injuries and damages, including but not limited to, prescriptive medications, medical

services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury and, loss of enjoyment of life.

16. Plaintiff's injuries, losses and damages are either permanent and/or continuing in nature.

**WHEREFORE,** Plaintiff seeks compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury and, loss of enjoyment of life and requests that this honorable Court enter judgment in his favor against the Defendant for an amount to be determined by the Trial Court, together with pre and post judgment interest as provided by law, court costs, reasonable attorney's fees, and for the following:

(1) A monetary award representing a reasonable amount of compensatory damages;

(2) Court costs, deposition fees, expert witness fess and all other costs permitted in accordance with the recognized laws of civil procedure;

(3) Interest from the date of the accident; and

(4) Such other and further relief as this honorable Court deems proper.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### PREMISES LIABILITY

17. Plaintiff incorporates paragraphs 1 through 16 as if fully set forth herein.

18. The Defendant is liable to the Plaintiff because it had possession and/or control interest in the property and was responsible for the condition of the property. Defendant had an obligation to the Plaintiff, a business invitee on the premises, in that, pursuant to C.R.S. 13-21-115[Sec. 3 (c)], an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known.

19. Plaintiff falls into the category of individuals to be protected under said statute.

20. Defendant owed a duty to the Plaintiff, a business invitee on the aforementioned premises, and all other business invitees on the premises, to wit:

   a. to reasonably inspect the premises against dangerous, hazardous and/or defective conditions which may be present on said premises including but not limited to liquids present on the floor of the premises or otherwise allow for a dangerous and/or hazardous condition of any kind to exist and failed to remedy and/or correct said dangerous, hazardous and/or defective conditions;

      b. to maintain said premises in a reasonably safe condition;

      c. to perform construction activities in a reasonably safe manner;

      d. to reasonably control said premises;

      e. to warn the Plaintiff against any and all dangerous, hazardous and/or defective conditions which may be present in and about said premises including but not limited to liquids present on the floors of the premises, or otherwise allow for a dangerous and/or hazardous condition of any kind to exist and failed to remedy and/or correct said dangerous, hazardous and/or defective conditions.

21. Defendant, acting by and through its agents, servants and/or employees, at all times material hereto knew of and/or should have known of said dangerous, hazardous and/or defective conditions aforesaid; and further said Defendant fell below the standard of care and/or failed in their duties aforesaid owed to the Plaintiff, herein a business invitee on the subject premises, by allowing said conditions to exist for a period of time sufficient to which a reasonable inspection by Defendant would have disclosed the same.

22. Defendant, acting though its agents, servants and/or employees was negligent in its ownership, maintenance, and/or control of the subject premises and the supervision of its agents, servants and/or employees.

23. Due to the negligent selection of their agents, servants, and/or employees, as a party with an ownership interest, Defendant is liable for any inaction or negligence committed by their agents, servants and/or employees since the agents, servants and/or employees failed to properly remove liquids from the floors of the premises.

24. As a direct and proximate result of the Defendant, acting though its agents, servants and/or employees, Plaintiff has suffered injuries and damages, including but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

25. Plaintiff's injuries, losses and damages are either permanent and/or continuing in nature.

**WHEREFORE,** Plaintiff seeks compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, loss of enjoyment of life and loss of consortium and requests that this honorable Court enter judgment in his favor against Defendant for an amount to be determined by the Trial Court, together with pre and post judgment interest

as provided by law, court costs, reasonable attorney's fees as provided by the statute and for the following:

    (1)    A monetary award representing a reasonable amount of compensatory damages;

    (2)    Court costs, deposition fees, expert witness fess and all other costs permitted in accordance with the recognized laws of civil procedure;

    (3)    Interest from the date of the accident; and

    (4)    Such other and further relief as this honorable Court deems proper.

### PLAINTIFFS DEMAND A JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted this 1st day of March, 2017.

**DARRELL S. ELLIOTT, P.C.**

s/Nicole C. Daniels
Nicole C. Daniels, #38180
Attorney for Plaintiffs

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original or scanned signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*

Plaintiff's Address:

11421 Downing St.
Northglenn, CO 80233

5